UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMONA LOPES and CAROL BOLLINGER, Individually and on Behalf of All Others Similarly Situated, as Class Representative, <br><br> Plaintiffs, <br><br> v. <br><br> NOVARTIS CORPORATION, NOVARTIS FINANCE CORPORATION, NOVARTIS SERVICES, INC. and NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Defendants. | 06 CV 2268 (PAC) <br><br> **JURY TRIAL REQUESTED** |

**FIRST AMENDED CLASS ACTION AND
COLLECTIVE ACTION COMPLAINT**

Plaintiffs Simona Lopes and Carol Bollinger are former Sales Representatives of Defendants Novartis Corporation, Novartis Finance Corporation, Novartis Services, Inc. and Novartis Pharmaceuticals Corporation (collectively "Novartis" or "Defendant"). Plaintiffs, individually and on behalf of all other similarly situated Novartis Sales Representatives (defined in Paragraph 4 & 40, below), complain by their attorneys Sanford, Wittels & Heisler, LLP as follows:

**I.   NATURE OF THE ACTION**

1. An employer's obligation to pay his employees overtime wages is more than a matter of private concern between the parties. Rather, this duty carries out the dictate of Congress and New York State's Legislature, founded on a compelling public

policy judgment: in a modern, humane society, workers are not simply indentured servants -- they are entitled to work a livable number of hours at a livable wage.

2. The Novartis Defendants have trampled on these important Federal and New York State interests. While Novartis prides itself on being on the forefront of advancing public health as one of the largest drug developers in the world, that professed concern does not extend to its employees and is cavalierly swept aside when the company's bottom line is at stake. Novartis' top management officials earn millions of dollars annually in salary, bonuses and other corporate emoluments. But, ironically, Novartis has systematically denied the class of employees suing herein basic overtime pay mandated by the Fair Labor Standards Act and New York State's overtime laws. Novartis accomplishes this deprivation by deliberately misclassifying the class (described in Paragraphs 4 and 35, below) as exempt from the benefits of both Federal and New York State overtime laws.

3. Plaintiffs sue on behalf of themselves and other similarly situated Sales Representatives who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and specifically the collective action provision of FLSA 29 U.S.C. § 216(b). This action claims that Novartis has violated the wage-and-hour provisions of the FLSA by depriving the Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful overtime wages.

4. For at least six years prior to the filing of this complaint, Defendant has willfully committed widespread violations of the FLSA by, among other violations, misclassifying employees as salaried **exempt** employees when in fact Novartis'

employees who are in positions including, but not limited to, Sales Representative, Sales Consultant, Team Leader/Sales Representative, Senior Sales Representative, Trusted Advisor Sales Representative, Bilingual Sales Representative, and Assumptions Sales Representative (generally referred to as "Sales Representatives"), are **not exempt** from the wage and hour laws.  Accordingly, Defendant Novartis is liable for failing to pay such employees for overtime hours worked in excess of 40 hours per week at a rate of one-and-one-half times their regular rate of pay.

5.      Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and cost pursuant to 29 U.S.C. § 216(b).

6.      Plaintiffs also bring this action under New York State's overtime statute and regulations.  Plaintiffs Lopes and Bollinger sue on behalf of themselves and a class of other similarly situated current and former Novartis Sales Representatives who worked for Defendant in the State of New York.  More specifically, Plaintiffs Lopes and Bollinger assert that they and the class are entitled to unpaid overtime premium wages for their work beyond 40 hours per week pursuant to the New York Labor Law 663(1) and the supporting New York State Labor Regulations, 12 N.Y.C.R.R. Part 142.  Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure of a class of Novartis' Sales Representatives who have worked in New York and who have been denied overtime wages mandated by Labor Law § 663 (1).

## II.     JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 because the action involves a Federal Statute, 29 U.S.C. § 216 (b).

3

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a).

9. All defendants are subject to personal jurisdiction in the State of New York for the following reasons:

> a) Defendant Novartis Corporation is incorporated in the State of New York and physically located at 608 Fifth Avenue, New York, New York, 10020.  Novartis Corporation has Registered Agents in New York and California.
>
> b) Defendant Novartis Finance Corporation is incorporated in the State of New York and physically located at 608 Fifth Avenue, New York, New York, 10020.  Novartis Finance Corporation has Registered Agents in New York.
>
> c) Defendant Novartis Services, Inc. is incorporated in the State of New York and physically located at 608 Fifth Avenue, New York, New York, 10020.  Novartis Services, Inc. has Registered Agents in New York.
>
> d) Defendant Novartis Pharmaceuticals Corporation is incorporated in Delaware and has offices in New York and New Jersey.

### III. THE PARTIES

#### A. The Representative Plaintiffs

10. **Plaintiff Simona Lopes** ("Ms. Lopes") resides in Queens, New York.

11. Ms. Lopes worked for Novartis from approximately June 2001 until April 2004.

12. **Plaintiff Carol Bollinger** ("Ms. Bollinger") resides in Saratoga Springs, New York.

13. Ms. Bollinger worked for Novartis from approximately April 1999 until her employment ended in February 2006.

**B.     The Defendants**

14.     Defendant Novartis Corporation is a corporation doing business within the State of New York with its principal place of business and headquarters in New York. Novartis Corporation is incorporated in the State of New York and physically located at 608 Fifth Avenue, New York, New York, 10020.   Novartis Corporation has Registered Agents in New York and California.

15.     Defendant Novartis Finance Corporation is a corporation doing business within the State of New York with its principal place of business and headquarters in New York.  Novartis Finance Corporation is incorporated in the State of New York and physically located at 608 Fifth Avenue, New York, New York, 10020.   Novartis Finance Corporation has Registered Agents in New York.  Novartis Finance Corporation is a wholly-owned subsidiary of Novartis Corporation.

16.     Defendant Novartis Services, Inc. is a corporation doing business within the State of New York with its principal place of business and/or headquarters in New York.  Novartis Services, Inc. is incorporated in the State of New York and physically located at 608 Fifth Avenue, New York, New York, 10020.   Novartis Services, Inc. has Registered Agents in New York.  Novartis Services, Inc. is a wholly-owned subsidiary of Novartis Corporation.

17.     Defendants Novartis Pharmaceuticals Corporation is a wholly-owned operating division of Novartis Corporation specializing in the discovery, development, manufacture and marketing of prescription medicine. Novartis Pharmaceuticals Corporation is incorporated in Delaware and has offices in New York and New Jersey.

Novartis Pharmaceuticals Corporation has Registered Agents in thirty-two (32) states, including New York.

19. Defendant Novartis Corporation, Novartis Finance Corporation and/or Novartis Services, Inc. direct the operations and decision-making of their wholly-owned subsidiary, Novartis Pharmaceuticals Corporation, and also maintain interrelationship of operations, centralized control of labor relations, common management and/or common ownership and financial control with and over Novartis Pharmaceuticals Corporation. All of the named defendants actively participated in committing the wrongful acts alleged herein.

19. At all relevant times, Novartis was and is legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiffs and Class Members.

20. At all relevant times, the unlawful conduct against Plaintiffs and Class Members as described in each and all of the foregoing paragraphs was actuated, in whole or in part, by a purpose to serve Novartis. At all relevant times, upon information and belief, the unlawful conduct described in each and all of the foregoing paragraphs was reasonably foreseeable by Novartis and committed under actual or apparent authority granted by Novartis such that all of the aforementioned unlawful conduct is legally attributable to Novartis.

21. The overtime wage provisions set forth in § 206 and § 207 of the FLSA, and in Article 19 of the New York Labor Law, and the wage payment provisions set forth in Article 6 of the New York Labor Law, apply to Novartis. Defendant's Sales

6

Representative jobs are not positions involving work that falls within any exception or exemption to 29 U.S.C. § 213(a)(1) or New York Labor Law Articles 6 or 19.

### C.  Factual Allegations

22.  Ms. Lopes began working for Novartis in New York in approximately June 2001 as a contract employee with a company named Innovex.

23.  In April 2002, the contract between Innovex and Novartis ended and the highest-performing Innovex employees were rolled over to Novartis.  Because of her strong performance, Ms. Lopes became a Novartis Sales Representative.

24.  Ms. Lopes then became a Novartis Sales Consultant in March 2003.  Ms. Lopes resigned from Novartis in April 2004.

25.  Ms. Bollinger was hired by Novartis as a Sales Representative in New York in Approximately April 1999.

26.  In 2002, Ms. Bollinger was promoted to the position of Senior Sales Consultant.

27.  Ms. Bollinger held that position until her employment ended in February, 2006.

28.  Ms. Lopes' and Ms. Bollinger's primary responsibility as Sales Representatives was to call on practicing physicians, hospitals and other health-related organizations/personnel in order to provide them with information pertaining to Novartis products.

29.  Defendant treated Ms. Lopes, Ms. Bollinger and all other similarly situated Sales Representatives, as exempt, under § 213(a) of the FLSA, from the statute's overtime pay requirements.

30. Defendant treated Ms. Lopes, Ms. Bollinger and all other similarly situated Sales Representatives, as exempt from the overtime wage requirements of Section 663 of the New York Labor Law.

31. Ms. Lopes, Ms. Bollinger and all other similarly situated employees do not qualify as exempt employees, as defined by the applicable Federal and New York State regulations.

32. Ms. Lopes and Ms. Bollinger frequently worked more than eight hours per day and/or forty hours per week for Defendant.

33. Defendant has misclassified Ms. Lopes and Ms. Bollinger as exempt from overtime pay requirements of the FLSA, despite their regular performance of non-exempt duties.

34. Defendant did not pay Ms. Lopes or Ms. Bollinger for hours they worked over forty per week at a rate of one-and-one-half time her regular rate of pay.

## IV.     COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

35. Novartis misclassifies non-exempt Sales Representatives as salaried exempt employees.

36. Defendant has intentionally and repeatedly engaged in a practice of improperly misclassifying non-exempt Sales Representatives as salaried exempt employees.

37. Plaintiffs bring their FLSA claim on behalf of all persons who worked for Defendant as Sales Representatives at any time from three years prior to the filing of the Original Complaint to entry of judgment in this case.

38. Defendant is liable under the FLSA for failing to properly compensate

Plaintiffs, and as such, notice should be sent to past and present Sales Representatives. There are numerous similarly situated current and former Sales Representatives of Novartis who have been misclassified in violation of the FLSA and who would benefit from the issuance of a court supervised Notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

### V. CLASS ACTION ALLEGATIONS UNDER N.Y. LABOR LAW § 663

39. Plaintiffs Simona Lopes and Carol Bollinger bring this class action to recover damages under Labor Law § 663, subd. 1, and to recover overtime wages on behalf of themselves and a class of Defendant Novartis' Sales Representatives who have worked or are working in Defendant's New York branches and who have been deprived of lawful overtime wages as mandated by New York Labor Law and governing regulations. This action includes all such employees whom Novartis continues to deprive of required overtime wages in the future. The Class that Plaintiffs seek to represent is composed of and defined as follows:

40. All persons who are employed, have been employed or will be employed by Novartis as "Sales Representatives" in and throughout New York at any time since March 2000. "Sales Representatives" includes, but is not limited to, the job titles of Sales Representative, Sales Consultant, Team Leader/Sales Representative, Senior Sales Representative, Trusted Advisor Sales Representative, Bilingual Sales Representative, and Assumptions Sales Representative.

41. This action is properly brought as a class action for the following reasons:

   a) The class consists of hundreds, if not thousands, of persons and is so numerous that joinder of all members, whether required or permitted, is impracticable.

   b) There exist questions of fact and law common to the class which predominate over any questions affecting only individual members including:

      1) whether Novartis improperly withheld overtime wages from Sales Representatives and other employees working in Defendant's New York workplaces;

      2) whether Novartis is liable to the class; and

      3) whether the class can be made whole by payment of damages.

   c) Plaintiffs Lopes' and Bollinger's claims are typical of the claims of the Novartis class. Like all class members, Plaintiffs were injured by Novartis' refusal to pay full and lawful overtime wages. Plaintiffs have suffered the same kind of harm as other class members who are Novartis employees working in Defendant's New York places of business.

   d) Plaintiffs have hired counsel who are able and experienced in class action litigation, and will fairly and adequately protect the interests of the class.

   e) A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense of individual litigation may be prohibitive and render it impractical for class members to sue Novartis for wrongfully withheld overtime wages.

### FIRST CLAIM FOR RELIEF (FLSA)

42. Plaintiffs allege and incorporate by reference the preceding paragraphs of this complaint as if fully alleged herein. In this First Claim, "Plaintiffs" refers to Named Plaintiffs, Simona Lopes and Carol Bollinger, and any Class Members who file individual consents to sue in this action.

43. Because Defendant-Novartis willfully violated the FLSA by

misclassifying Plaintiffs as exempt employees, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

44. Novartis has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by misclassifying Sales Representatives as "exempt" employees, thereby failing and refusing to pay the proper hourly wage compensation of current and former Sales Representatives, including Plaintiffs, and all others similarly situated, in accordance with § 206 and § 207 of the FLSA.

45. As a result of Defendant's violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

46. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated present and former Sales Representatives.

47. As a result of unlawful acts of Defendant, Plaintiffs and all similarly situated current and former Sales Representatives have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF (NEW YORK LABOR LAW)

48. Plaintiffs allege and incorporate by reference the preceding allegations of this complaint as if fully alleged herein.

49. Defendant Novartis has engaged in the practice of improperly failing to compensate its New York State Sales Representatives whom the company has misclassified as exempt under Labor Law § 651, subd. 5. Such misclassified Sales Representatives have performed overtime work and Novartis has deprived of them overtime compensation in violation of the provisions of the Labor Law and corresponding regulations.

50. Specifically, Novartis has not rightfully paid non-exempt Sales Representatives compensation for hours worked in excess of a forty-hour work week. Under applicable regulations and wage orders issued by the New York Department of Labor (12 NYCRR § 142-2.2 (2004)), however, "**an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate**."

51. Consequently, Plaintiffs Lopes and Bollinger and the class of Novartis employees working for Defendant in New York State have not received in the past, and currently do not receive, overtime compensation that is their due. Novartis has violated New York Labor Law and applicable regulations.

## THIRD CLAIM FOR RELIEF (UNJUST ENRICHMENT)

52. Plaintiffs allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

53. Because of Defendant Novartis' denial of overtime wages to Plaintiffs Simona Lopes and Carol Bollinger and the class of Novartis Sales Representatives working at New York branches, Novartis has been able to unjustly enrich itself by withholding monies that rightfully belong to Plaintiffs and the class.

54. Under equity and good conscience, Novartis must disgorge those illegally withheld wages to Plaintiffs and the class of New York employees.

## PRAYER FOR RELIEF

**WHEREFORE**, the named Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A. That, at the earliest possible time, the Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by the Defendant Novartis as a Sales Representative. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were misclassified as an exempt employee, whereas their primary or significant work duties entail duties commonly performed by non-exempt, hourly employees.

B. Unpaid wages and liquidated damages of $150,000,000 pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor

regulations;

C. Unpaid regular wages and overtime wages of $75,000,000 pursuant to N.Y. Lab. Law Art. 6, §§ 190 et seq., Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, plus pre-judgment interest;

D. An injunction requiring defendants to pay all statutorily-required wages pursuant to the New York Labor Law;

E. Attorneys' fees and costs; and

F. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:     May 4, 2006
           New York, NY

                                    Respectfully submitted,
                                    By:

                                    ___S/_____
                                    Steven L. Wittels, N.Y. Bar No. 2004635
                                    Jeremy Heisler, N.Y. Bar No. 1653484
                                    **SANFORD, WITTELS & HEISLER, LLP**
                                    950 Third Avenue, 10th Floor
                                    New York, New York 10022
                                    Telephone: (646) 723-2947
                                    Facsimile:  (646) 723-2948
                                    swittels@nydclaw.com

                                    David W. Sanford, D.C. Bar No. 457933
                                    **SANFORD, WITTELS & HEISLER, LLP**
                                    2121 K Street, NW, Suite 700

Washington, D.C. 20037
Telephone: (202) 942-9124
Facsimile: (202) 628-8189
dsanford@nydclaw.com

Grant Morris, D.C. Bar No. 926253
**LAW OFFICES OF GRANT E. MORRIS**
2121 K Street, NW**,** Suite 700
Washington, DC 20037
Telephone: (202) 661-3510
Facsimile: (202) 628-8189
grantemorris@gmail.com

*Attorneys for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing has been served on May 4, 2006 via United States Mail in a prepaid envelope, correctly addressed to the following:

Richard Schnadig, Esq.
**VEDDER, PRICE, KAUFMAN AND KAMMHOLZ, P.C.**
222 North LaSalle Street
Chicago, Illinois 60601

Jonathan A. Wexler, Esq.
**VEDDER, PRICE, KAUFMAN AND KAMMHOLZ, P.C.**
805 Third Avenue
Suite 2200
New York, NY 10022

*Attorneys for Defendants*

\_\_\_S/_____
Steven L. Wittels